BEYER v. HAMBURG-AMERICAN S. S. CO.

(Circuit Court, S. D. New York. May 13, 1909.)

1. MASTER AND SERVANT (§ 258*)—INJURIES TO SERVANT—SAFE PLACE—PLEAD-
ING.
Since the law governing the relation of master and servant imposes the
obligation on the master to furnish a safe place for a servant to work, a
complaint for injuries, alleging that the master failed to furnish a safe
place, was not objectionable for failure to charge that he contracted to
do so.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 825–
832; Dec. Dig. § 258.*]

2. NEGLIGENCE (§ 1*)—WHAT CONSTITUTES.
Failure to do a duty is negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig.
§ 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763;
vol. 8, pp. 7729–7731.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** MASTER AND SERVANT (§ 86*)—INJURIES TO SERVANT—WHAT LAW GOVERNS.

An action for injuries to a servant by the master's failure to furnish a safe place to work, being founded on tort, is governed by the law of the place where the accident occurred.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*

What law governs master's liability for injuries to servant, see note to Mexican Cent. Ry. Co. v. Jones, 48 C. C. A. 232.]

**4.** MASTER AND SERVANT (§ 86*)—INJURIES TO SEAMEN—FOREIGN LAW.

Where a seaman was injured on a German vessel, carrying the German flag, on the high seas, his right to recover for his master's failure to furnish a safe place to work was governed by the German statute, substituting fixed and certain liabilities for injuries in place of responsibility for negligence, so that compliance therewith constituted a defense to the action.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*]

At Law. On demurrer to separate defense.

August P. Wagener, for plaintiff.
Percy S. Dudley, for defendant.

NOYES, Circuit Judge. This is an action by a servant against his master to recover damages arising from the alleged failure of the latter to use reasonable care to furnish the former a safe place in which to work. It is not alleged that the master contracted to furnish a safe place. Such a contract would be most extraordinary. It is alleged that the defendant failed in the performance of its duty as master to furnish a safe place. When the contract of employment was entered into, the law governing the relation of master and servant imposed that obligation. The duty arose out of the relation created by the contract, but it was a duty imposed by law. Failure to fulfill that obligation was a failure in the performance of a duty, and not a violation of contract. Failure to do a duty is negligence; and an action for damages for failure to perform a duty is an action of negligence—an action founded in tort, and not in contract.

The action being founded in tort, the liability of the defendant must be determined by the law of the place where the accident causing the damage sued for took place. This accident occurred upon the high seas, upon a German vessel, carrying the German flag. The law of Germany, therefore, governs the case. Consequently the German statute, substituting fixed and certain liability for injuries in place of responsibility for negligence, and compliance therewith, constitute a good defense to this action.

The demurrer to the defendant's separate defense is overruled, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes